REGAN, Judge.
Plaintiff, Raymond Ralph, conducting his business under the trade- name of United River Service, instituted this suit against the defendant, L. M. McLeod, endeavoring to recover the sum of $700 representing the agreed charge for rental of the salvage barge Hercules for a period of fourteen days at $50 per day plus 3% service tax, or the .total sum of $721.
The defendant pleaded the exceptions of no cause or right of action, which were disposed of, and then answered denying that he was liable to the plaintiff for the rental of the barge and asserted in explanation thereof that the charter of the Hercules was for the benefit of Charles P. O’Day and finally that the plaintiff had terminated the lease without the defendant’s consent.
In the alternative defendant reconvened for damages in the amount of $721 for breach of the contract of lease.
Defendant also filed a third party complaint against O’Day requesting that in the *272 event he be held liable for the rental of the barge he be given judgment against O’Day for the amount of the award.
O’Day then pleaded the exceptions of no cause or right of action to the third party complaint, which were overruled, and then answered generally denying the allegations thereof.[1]
From a judgment in favor of plaintiff and against defendant in the sum of $721 and dismissing the reconventional demand of the defendant and his third party complaint against O’Day, defendant has prosecuted this appeal.
The record reveals that the plaintiff was the owner of a derrick salvage barge bearing the name Hercules. On or about September 11, 1956, defendant contacted plaintiff for the purpose of chartering the derrick; as a result of this conversátion, there was a verbal bare boat charter entered into, the consideration therefor being $50 per day.[2] On September 12, 1956, in conformity with this agreement, the Hercules was removed from its mooring and anchored in the Mississippi River for the purpose of salvaging an 'oil barge owned by Jahncke Service, Inc., which had sunk in the river near Chalmette, Louisiana. The Hercules remained in the possession of 'defendant or his employees from September 12 until September 25, a period of 14 days.
It appears that the endeavor to raise the sunken barge was interrupted by the hurricane Flossie, which commenced on Saturday, September 23, and the defendant or his employees then precautiously moved the "Hercules from its location in the Mississippi River to the fore-bays of the Industrial Canal locks. On Sunday, September 24, the superintendent of the locks of the Industrial Canal contacted the plaintiff and informed him that the Hercules would not be permitted to remain in the fore-bays of the Canal since it created a hazard to navigation. Plaintiff then endeavored to locate McLeod, which, of course, he denies. In any event, after several insistent messages from the lock superintendent, plaintiff engaged the tug James and had the Hercules towed from the Industrial Canal fore-bays to plaintiff’s landing. He then notified defendant of what had occurred; and ultimately when the rental charge for use of the Hercules was not paid, he then instituted this suit.
Despite the foregoing facts, defendant insists that the plaintiff abrogated the charter agreement when he removed the Hercules from the fore-bays of the Industrial Canal to-his-landing. The trial judge was not impressed with this contention and obviously concluded from the evidence adduced on the trial hereof that the defendant or his employees had abandoned the Hercules in the mouth of the Industrial Canal and it was both in.the interest of preserving the leased property and removing an impediment to navigation which motivated the course of action pursued by the plaintiff.[3]
The question which this appeal has posed for our consideration is whether that factual finding by the trial judge is so unsupported by the evidence as to warrant reversal by us.
Our analysis of the record fails to reflect reversible error; on the contrary, it convinces us that the evidence preponderated *273 in plaintiff’s favor and the judgment is therefore correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Before the termination of the trial in the lower court counsel for defendant McLeod requested dismissal of the third party complaint with prejudice.

. We had occasion several- months ago to consider this same phase of the matter in the consolidated cases of Robertson v. McLeod, La.App.1958, 106 So.2d 475 and Gillespie v. McLeod, La.App.1958, 106 So. 2d 477.

.The whole tenor of the record leads us to the inevitable conclusion that the defendant did not wish to resume his endeavor to salvage the Jahncke oil barge since it was proven to be a failure at the time that the defendant abandoned the Hercules in the mouth of the Industrial Ganal.